UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALAN W. GURSKY,

        Petitioner,

v.                                                                Case No. 18-C-102

STATE OF WISCONSIN,

        Respondent.

## SCREENING ORDER

On January 19, 2018, Alan Gursky filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. The state court conviction Gursky challenges was entered more than twenty years ago. On March 13, 1997, Petitioner was convicted in the Outagamie County Circuit Court of two counts of attempted kidnapping, attempted operating a vehicle without the owner's consent, disorderly conduct, causing bodily harm, and one count of robbery by force, all as a repeater. The charges arose from incidents on August 15 and 18, 1996. Petitioner was sentenced to 52 years imprisonment and is currently incarcerated at Redgranite Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner asserts twelve grounds that he contends entitle him to relief. Although it is doubtful that he has alleged sufficient facts to warrant relief on many if not all of his claims, given the pleading requirements for a federal habeas petition, *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) (noting that "[h]abeas corpus petitions must meet heightened pleading requirements"), and the deferential standard of review, *see* 28 U.S.C. § 2254(d), the more immediate obstacles to Gursky's petition seem to be the one-year statute of limitations, 28 U.S.C. § 2244(d), and the obligation to exhaust state court remedies. Rather than engage in a time-consuming task of assessing whether Gursky has alleged sufficient facts to support each of the claims he seeks to raise, I will instead invite the Respondent to address the timeliness and exhaustion issues via an appropriate motion within the next sixty days. Respondent need not file a complete answer to the petition at this time, but should include only so much as to address the question of whether Gursky's petition is timely and, if necessary, whether he has exhausted his state court remedies.

Gursky's motion for appointment of counsel is denied for now. If it appears that federal habeas relief remains potentially available after more than twenty years, I will revisit his request. For now, though, it is enough to focus on the threshold issues described above.

**IT IS THEREFORE ORDERED** that within 60 days of the date of this order Respondent shall notify the court whether Respondent intends to assert either a statute of limitations or exhaustion of state court remedies defense. If Respondent does so intend, an additional thirty days will be allowed for filing an appropriate motion seeking dismissal on that basis.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel (ECF No. 4) is **DENIED** without prejudice. The court will give further consideration to Petitioner's motion if his petition survives screening.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the Respondent copies of documents filed with the Court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the respondents on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the respondent. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

Dated this 13th day of March, 2018.

                                                        s/ William C. Griesbach
                                                        William C. Griesbach, Chief Judge
                                                        United States District Court