# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALAN W. GURSKY,

        Plaintiff,

v.                                                           Case No. 18-CV-102

MICHAEL MEISNER,

        Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

In 1997, an Outagamie County jury found Alan Gursky guilty of two counts of attempted kidnapping, attempted operating a vehicle without the owner's consent, disorderly conduct/causing bodily harm, and one count of robbery, all as a repeater. ECF No. 1, 1-1 at 7. He was sentenced to 52 years in prison. On January 19, 2018, Gursky filed a petition for federal habeas relief in this court pursuant to 28 U.S.C. § 2254 on the ground that his state court convictions were unconstitutional. After the Court entered a screening order noting that Gursky likely failed to comply with the one-year statute of limitations, the Respondent filed a motion to dismiss. Respondent argues that Gursky filed his petition outside of the one-year statute of limitations imposed under 28 U.S.C. § 2244(d)(1). For the reasons that follow, Respondent's motion will be granted.

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA or Act) requires a state prisoner whose conviction has become final to seek federal habeas corpus relief within one year." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (citing 28 U.S.C. § 2244(d)(1)(A)). The purpose of the one-year limitation was "to curb the protracted nature" of collateral attacks on

criminal convictions. *Gendron v. United States*, 154 F.3d 672, 673 (7th Cir. 1998), overruled on other grounds by *Clay v. United States*, 537 U.S. 522 (2003). The limitations period runs from the latest of the—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The Act tolls this one–year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." § 2244(d)(2). The time that an application for state post-conviction review is "pending" includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law. *Carey v. Saffold*, 536 U.S. 214 (2002).

The judgment of conviction in Gursky's case was entered on April 22, 1997. Gursky filed a timely appeal, and the Wisconsin Court of Appeals affirmed his conviction and sentence on May 19, 1998. ECF No. 1-1 at 7. Gursky then petitioned the Wisconsin Supreme Court for review, but his petition was denied on September 15, 1998. *Id.* at 15. On September 16, 1999, Gursky filed a pro se motion for post-conviction relief with the trial court. *Id.* at 3; ECF No. 12-4 at 6. The trial court denied Gursky's motion for post-conviction relief by order dated December 23, 1999, and

Gursky again appealed. His appeal was dismissed, however, on May 19, 2000, when he failed to file a brief at the Court of Appeals. ECF No. 12-5 at 1, 2. Gursky did not seek further review at that time. More than fifteen years later, in November 2015, he filed another motion for post-conviction relief, which was denied on February 23, 2016. ECF No. 12-4 at 4. The trial court's order denying Gursky's second motion for post-conviction relief was summarily affirmed on April 26, 2017.

It is clear from this history that the one-year limitation period for federal habeas relief has expired as to Gursky's 1997 convictions. His convictions became final no later than September 21, 2000, making his petition untimely by almost two decades. Other than noting generally that pleadings of pro se litigants are to be liberally construed, Gursky argues that he is excused from complying with the one-year statute of limitations because he was denied a legal loan and was unable to make the necessary copies of his paperwork to continue pursuing his claim within the one-year limitation. Even if true, this would not explain a lapse of some fifteen years between when Gursky's appeal from the denial of first post-conviction motion was dismissed to the filing of his second motion for post-conviction relief in November of 2015. The denial of a legal loan application is not "an objective, external impediment to his ability to comply with the state court's procedural rules." *Johnson v. Foster*, 786 F.3d 501, 503 (7th Cir. 2015). In short, Gusky's petition is barred by the one-year limitation period under 28 U.S.C. § 2244(d)(1) and he has offered no legally supported justification for allowing him to proceed. Accordingly, Respondent's motion to dismiss (ECF No. 11) is **GRANTED**, and Gursky's petition for writ of habeas corpus is **DENIED**.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C.

3

§ 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). The court concludes that its decision is neither incorrect nor debatable among jurists of reason. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to enter judgment denying the petition and dismissing the action. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Gursky decides to appeal, he should also request that the Court of Appeals issue a certificate of appealability. Fed. R. App. P. 22(b).

**SO ORDERED** at Green Bay, Wisconsin this     19th     day of June, 2018.

                                                  s/ William C. Griesbach
                                                William C. Griesbach, Chief Judge
                                                United States District Court